## WILLIAM H. HOOGS *v.* THOS. J. MORSE *et al.*

Judgment on Award of Arbitrators.—If a judgment on an award of arbitrators is entered by the Clerk, at the request of the party in whose favor it is rendered, within less than five days after the award is filed, and without notice to the other party, the prevailing party cannot afterwards question its validity on the ground that it was irregularly entered.

Errors or Misconduct of Arbitrators.—If the party in whose favor an award of arbitrators is made, voluntarily takes judgment on the award, and then receives the amount of the judgment in satisfaction of it, this is a waiver of any errors or misconduct on the part of the arbitrators.

Client and Attorney.—A party to an action is charged with notice of all errors or misconduct during its progress which were known to his attorney.

Appeal from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The parties had been partners in the business of hackmen in San Francisco, but plaintiff had not paid into the firm his part of the capital, and it was agreed that he should retire from the firm, and the amount he received for his interest in the firm be fixed by arbitrators. The arbitrators made their award June 6th, 1865, and the next day the plaintiff in person filed with the Clerk the following paper :

" The Clerk of said Fifteenth District Court is hereby directed to enter final judgment in the within entitled cause, according to the terms of the within award; and I, the said William H. Hoogs, do hereby acknowledge satisfaction and payment in full from the said Morse and Flynn, of the moneys awarded to me by the within named arbitrators in this action; and I do hereby waive the right to move to vacate the said award, or to modify or correct the same, or to appeal from the same.

" In witness whereof, I have hereunto set my hand and seal, this seventh day of June, A. D. 1865.

" William H. Hoogs."   [L. s.]

The plaintiff afterwards moved to vacate the award. The Court below granted the motion, and the defendants appealed.

The other facts are stated in the opinion of the Court.

*Burnett, Cook & Clarke*, for Appellants, argued that plaintiff was estopped by his acts from making the motion to vacate.

*McKinstry & Voorhies*, for Respondent, argued that plaintiff was not estopped, since no notice could be served on him and he could not waive it, and that if the award was void, plaintiff's receipt for the money was void.

By the Court, Sanderson, J.:

This is an appeal from an order of the District Court setting aside an award of arbitrators and a judgment entered thereon by the Clerk. The motion was heard upon affidavits on the part of the plaintiff, and counter affidavits on the part of the defendants. Several grounds were relied upon by the plaintiff, but upon what particular ground or grounds the Court based its order does not appear.

On the part of the plaintiff it is claimed that the judgment was void, because it was entered by the Clerk in less than five days after the award was filed, and without an affidavit showing service of notice of the filing of the award upon the defendants, as provided in section three hundred and eighty-five of the Practice Act. But the answer to this is that the judgment was so entered at the instance and request of the plaintiff himself, and he cannot be allowed to take advantage of his own wrong. If the defendants were seeking to set aside the judgment the point would be good for them; but they are not. They were satisfied and paid the judgment, and the plaintiff cannot be heard now to question its validity upon the ground that it was irregularly entered.

The action of the plaintiff, in taking a judgment on the award and then receiving the amount of the judgment in satisfaction, was also a waiver of any errors or misconduct on the part of the arbitrators, of which he had notice at the time, and he is charged with notice of all errors or misconduct which were known to his attorney.

17

Under the circumstances of the case, we are at a loss to perceive how there could be any valid ground for setting aside the award at the instance of the plaintiff except fraud discovered after the plaintiff had accepted payment in full of the judgment. Fraud is alleged in the plaintiff's affidavit, but his affidavit is wholly unsupported, and is overwhelmingly contradicted by the counter affidavits.

Order reversed and cause remanded.